UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | 1:21-mj-33-SH |
| | § | |
| Christopher Ray Grider | § | |

**O R D E R**

Before the Court is Defendant's Motion to Reopen the Detention Hearing, filed January 27, 2021 (Dkt. 17).

## I.  Background

Defendant Christopher Ray Grider was arrested on January 21, 2021, pursuant to a warrant based on a complaint that he violated 18 U.S.C. § 1361, concerning willfully injuring or committing any depredation against any property of the United States; 18 U.S.C. § 1752(a), knowingly entering or remaining in restricted building or grounds without lawful authority; and 40 U.S.C. § 5104(e)(2), violent entry and disorderly conduct on Capitol grounds. Dkt. 1.

On January 26, 2021, Mr. Grider was indicted in the United States District Court for the District of Columbia on the following seven counts:

1. 18 U.S.C. §§ 1361 and 2, Destruction of Government Property and Aiding and Abetting
2. 18 U.S.C. § 1752(a)(1), Entering and Remaining in a Restricted Building
3. 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds
4. 18 U.S.C. § 1512(c)(2) and 2, Obstruction of an Official Proceeding and Aiding and Abetting
5. 40 U.S.C. § 5104(e)(2)(D), Disorderly Conduct in a Capitol Building
6. 40 U.S.C. § 5104(e)(2)(E), Impeding Passage Through the Capitol Grounds or Buildings
7. 40 U.S.C. § 5104(e)(2)(F), Act of Physical Violence in the Capitol Grounds or Buildings.

*United States of America v. Grider*, 1:21-cr-00022-KBJ, Dkt. 6.

1

After a detention hearing on January 27, 2021, this Court found, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably assure the safety of the community. Dkt. 14. Defendant therefore was ordered detained pending trial. *Id.* Mr. Grider now moves to reopen the detention hearing.

## II.  Analysis

Under 18 U.S.C. § 3142(f)(2)(B), a detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community.

The complaint against Mr. Grider includes images from video apparently taken inside the Capitol. Dkt. 1 at 6-9. In his Motion, counsel for Mr. Grider states that, after the conclusion of the detention hearing, he "located on YouTube what appears to be that video."

Mr. Grider does not contend that this information has any bearing on whether he forcefully entered the United States Capitol Building on January 6, 2021, as Congress convened in Joint Session to affirm the Electoral College vote in the 2020 Presidential Election; progressed inside the Capitol Building to the doors of the Speaker's Lobby; supplied the helmet used to break glass in the doors leading into the Speaker's Lobby; or pushed on those doors. Rather, as described by Mr. Grider, it is not clear from the YouTube video that he was the person who kicked the door to the Speaker's Lobby because several other individuals also were at the doors. Dkt. 17 at 3-4. Mr. Grider further argues that:

> The person believed to be Mr. Grider then places his hand on the door — not the window — and pushes it, not in a manner that would appear that he was truly trying to break it open, but **simply to see whether it was secure or not**. Others then move in and make obvious attempts to forcefully open the door.

*Id.* at 3 (emphasis added).

2

As described by Mr. Grider, the video is strong evidence of his attempt to breach the House Chamber, although he disputes the Government's characterization of how forcefully he did so. This information has no material bearing on the factors on which the detention order was based: the nature and circumstances of the offenses charged, including whether the offense is a crime of violence; the weight of the evidence against Mr. Grider; and the nature and seriousness of the danger to the community that would be posed by his release. 18 U.S.C. § 3142(f). Stated differently, whether or not he led or encouraged others in the alleged commission of the offenses charged, there is extremely strong evidence that Mr. Grider participated at the forefront in the events that led to the fatal shooting inside the Capitol Building on January 6, 2021.

To the extent that Defendant's Motion to Reopen the Detention Hearing presents information that was not known at the time of the detention hearing, it has no material bearing on whether there are conditions of release that will reasonably assure the safety of the community. It remains the conclusion of the Court that Mr. Grider must be detained pending trial because the United States has proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Reopen the Detention Hearing (Dkt. 17) is **DENIED**.

**SIGNED** on January 28, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE