IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | Case No. 21-mj-00033-SH |
| CHRISTOPHER RAY GRIDER, | § § | |
| Defendant | § | |

**DEFENDANT'S SECOND MOTION TO
REOPEN THE DETENTION HEARING**

TO THE HONORABLE SUSAN HIGHTOWER, UNITED STATES MAGISTRATE JUDGE:

COMES NOW CHRISTOPHER RAY GRIDER, the Defendant in the above styled and numbered cause, by and through undersigned counsel, and, pursuant to 18 U.S.C. § 3142(f), moves this Court to reopen the detention hearing to consider new, additional evidence that was not known to Defendant at the time of the hearing or prior to his previous motion to reopen, evidence that has a material bearing on the issue whether there are conditions of release that will reasonably assure the safety of any other person and the community.

1. This Court and the Government continues to mistakenly believe that the Defendant *forcefully* entered the United States Capitol Building on January 6, 2021 and that he somehow played an active role "at the forefront in the events that led to the fatal shooting inside the Capitol Building" that same date.

1

2. Subsequent to the detention hearing held by this Court and subsequent to Defendant's first motion to reopen the detention hearing filed on January 27, 2020, counsel for the Defendant has discovered new, additional evidence that has a material bearing on the issue whether there are conditions of release that will reasonably assure the safety of any other person and the community.

3. Because the Defendant's cellular telephone was seized by federal agents upon surrendering to them on January 21, 2021, counsel for Defendant did not have access to any photographs or videos contained on that device taken by the Defendant on January 6, 2021 at the time of the detention hearing or prior to his first motion to reopen the detention hearing. On Friday, January 29, 2021, however, counsel for the Defendant, obtained a computer from the Defendant's property and after examining that computer, located backup copies of those photographs and videos.

4. The videos reflect the following:

   a. In a video file titled, IMG_1878.m4v, the Defendant is seen walking up to an entrance on the ground level of the Capitol building and walking through *an open door* along with hundreds of other individuals. While other individuals nearby shattered glass windows, there is no obvious indication that the door which the Defendant walked through was opened by force and there is clearly no forcible entry made by the Defendant. On the following page are still shots from that video showing this non-forcible entry:





    b. In a video file titled, IMG_1883.m4v, the Defendant is seen walking up to the entrance to the Speaker's Lobby where multiple Capitol Officers are standing guard. The Defendant does not yell, shout, or make any threatening comments to them. Instead, he is heard telling the officers, "People are going to get crushed on that other side if they don't open that door" (referring to another area from where he had just come from). He is pleading with the officers, telling them, "There are two cops getting crushed." Others can then be seen walking up and banging on the doors, but not the Defendant. Eventually, more and more people begin approaching the door and, as space becomes confined, the video no longer captures any images. However, the audio is still recording and, at no time, can the Defendant be heard making any threatening comments or directing anyone to try and break open or damage the doors or do anything else. The video can be seen here: https://app.box.com/s/q6wfnaqvorgqhbtejvm0vqzal5r7dn5j.

5. In addition to the photographs and videos obtained from the Defendant's phone, counsel for the Defendant also located an additional YouTube video showing what takes place at the Speaker's Lobby from a different angle: https://youtu.be/AZ9oThRuMVs. Worth noting in this video is that as officers are moving away from the door, the Defendant is following them. Further, when the person who is presumably Ashli Babbitt begins attempting to climb through the window to the Speaker's Lobby, the Defendant had his back turned and was continuing his attempt to move *away* from the doors.

6. All this new material corroborates what the Defendant has maintained all along: his presence in the Capitol was not one of a person who intended to inflict harm on anyone or commit any violent acts. He wanted his voice to be heard and nothing more. He submits that wanting to be heard does not clearly and convincingly equate him to a person who is so dangerous and so violent that there are no condition or combination of conditions of release would reasonably assure the safety of the community. This is especially so when considering this new evidence in conjunction with his lack of any prior violent criminal history, his reputation as a caring and generous individual in the community, and the fact that he voluntarily surrendered himself to authorities.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Court reopen the detention hearing, accept and consider the evidence referenced herein, and revoke its previous Order to detain Defendant pending trial.

Respectfully Submitted,

MAYR LAW, P.C.

by: /s/ T. Brent Mayr
T. BRENT MAYR
Texas State Bar Number 24037052
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone:  713-808-9613
Fax:  713-808-9613

COUNSEL FOR DEFENDANT,
CHRISTOPHER RAY GRIDER

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was sent to Counsel for the Government on February 1, 2021, via CM/ECF.

/s/T. Brent Mayr
T. BRENT MAYR
