United States District Court
Western District of Texas
Austin Division

| | |
|---|---|
| United States of America, | |
| v. | No. 21-MJ-33 (SH) |
| Christopher Ray Grider | |
| Defendant. | |

**Opposition to Defendant's Second Motion to Reopen the Detention Hearing**

The Bail Reform Act grants a defendant "two bites at the apple"—once before a federal magistrate judge and then *de novo* before a federal district judge. This is Christopher Grider's third attempt before the same court to litigate detention. His motion should be denied, and this Court should direct him to seek appropriate relief from the United States District Court for the District of Columbia for three reasons. First, he has not established this Court's jurisdiction to hear this motion. Second, the proper vehicle for his claim is review in the prosecuting district under 18 U.S.C. § 3145. Finally, even if he clears these hurdles, he has not met his burden of showing newness or materiality to earn relief under 18 U.S.C. § 3142(f).

**I.  The Defendant Has Not Established this Court's Jurisdiction**

This Court's subject matter jurisdiction to hear this motion is highly doubtful. It is the burden of the party seeking relief from the Court to establish its jurisdiction and this Court's independent duty to determine its jurisdiction. *See, e.g.*, *Town of Lantana v. Hopper*, 102 F.2d 118, 119 (5th Cir. 1939) ("the burden of proving jurisdiction rests upon him who invokes it"); *Biziko v. Van Horne*, 981 F.3d 418, 420 (5th Cir. 2020) ("[F]ederal courts have 'an independent duty to examine the basis of [their] jurisdiction.'" (quoting *Feld Motor Sports, Inc. v. Traxxas, L.P.*, 861 F.3d 591, 595 (5th Cir. 2017))). On January 27, 2021, this Court committed the defendant and transferred the case to the prosecuting district. (Dkt. No. 16.) And the notice of Rule 5 appearance to that district was entered on February 1, 2021. (Dkt. No. 20.) Once the requirements of Rule 5 were met—and all parties agree they were at the original detention

hearing—this Court's remit ended.  Therefore, all future proceedings should take place in the United States District Court for the District of Columbia.

The government has been unable to find a single case in which the removing district retained jurisdiction to hear claims after the entry of a detention order at the removal hearing, the transfer of the case to the prosecuting district, and the *sua sponte* denial of a motion to reopen.  The defendant has not cited a single such case in either his first motion to reopen or his second motion to reopen.  Indeed, the weight of authority supports a contrary reading.  *See United States v. Vega*, 438 F.3d 801 (7th Cir. 2006) (collecting cases).  There is no support for the proposition that the arresting district retains jurisdiction over a case long after it is transferred.  A holding to the contrary would lead to conflicting litigation and forum shopping as pieces of criminal prosecutions could be heard in two jurisdictions.  Put another way, Grider should establish why detention is the sole issue that remains viable in this Court when jurisdiction over all other issues related to this prosecution is vested elsewhere.  It has been over a week since this Court transferred the case to the prosecuting district.  It is Grider's burden to cite statutes or caselaw establishing this Court's continuing jurisdiction.  His failure warrants denial of his motion.

## II. The Defendant Should Seek Relief Under Section 3145

The governing statutory scheme further supports a finding that all proceedings from here on must take place in the District of Columbia.  The Bail Reform Act requires a determination about detention or release "[u]pon the appearance before a judicial officer of a person charged with an offense . . . ." 18 U.S.C. § 3142(a).  The statute further provides that the detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the" issue of detention." 18 U.S.C. § 3142(f).  This provision, however, does not affirmatively grant the "judicial officer" in the *removing district* jurisdiction to hear, rehear, and rehear again arguments about detention.  Rather, a more specific statute—not cited by the defendant—applies.  Section 3145 provides, in relevant part:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b).

The court having "original jurisdiction" over Grider's offense is the district court in the District of Columbia.  *See, e.g.*, *United States v. Cannon*, 711 F. Supp. 2d 602, 605 (E.D. Va. 2010) ("In this case, the Eastern District of Virginia is 'the court having original jurisdiction over the offense' because this is where the indictment was returned and where the prosecution is pending.  [The defendant] was arrested and ordered detained by Judge Jack in the Southern District of Texas, a district other than the district in which the charges are pending against him.  Accordingly, Judge Jack is 'a person other than a judge of a court having original jurisdiction over the offense.'  Therefore, [the defendant] can seek revocation or amendment of the detention order in this Court pursuant to 18 U.S.C. § 3145(b)."); *Vega*, 438 F.3d at 803-04 (holding that the removing court has no jurisdiction to review release or detention orders and that "[u]nder 18 U.S.C. § 3145(b), the government or a charged party who moves for review of a release or detention order must do so in the court where charges are pending, regardless of where the initial appearance and detention hearing took place.  The district court below correctly concluded that it did not have jurisdiction over [the defendant's] motion for review and enforcement, and accordingly ordered that the defendant be transferred to the court of competent jurisdiction . . . .").

Furthermore, requiring the defendant to seek relief in the District of Columbia comports with the structure of the Bail Reform Act.  *See Vega*, 438 F.3d at 803 (analyzing the structure of the Bail Reform Act and the removal provisions of the Federal Rules of Criminal Procedure, and noting that "[e]ven if we thought that the statutory language was ambiguous, we would resolve any such ambiguity in favor of requiring review in the district court where the prosecution is pending, just as our sister circuits have done"); *Cannon*, 711 F. Supp. 2d at 607 ("The Bail Reform Act . . . contemplates that a defendant will get a maximum of two (2) detention hearings,

or 'two bites at the apple' in the district court."); *see also id*. at 608 ("If Congress intended to give a defendant who is arrested in one district on charges pending in another district an extra 'bite at the apple,' the Bail Reform Act would provide as much."); *see also United States v. Patterson*, 2013 WL 5375438, at *3 (E.D. La. Sep. 24, 2013) (finding that § 3145 review in these circumstances is "consistent with the review process contemplated by the Bail Reform Act"). Under § 3145, Grider's bail arguments should be addressed in the District of Columbia. He can file such a motion now or upon his arraignment in that court, and the motion will be addressed promptly. He is simply in the wrong court at the wrong stage of the litigation.

### III. Grider Cannot Meet the Strict Requirements of Section 3142(f)

Even if this Court finds that it has jurisdiction and then makes the additional holding that a § 3142(f) motion is the proper vehicle for Grider's claims, he has not met the strict legal standards required for relief under that provision. Section 3142(f) requires the defendant to present information "that was not known [to him] at the time of the hearing and that has a material bearing on" the detention question. The defendant's information is neither new within the meaning of the statute nor is it material.

Fifth Circuit case law, "like case law from other jurisdictions, interprets Section 3142(f)'s 'not known to the movant at the time of the hearing' language to mean not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person. Thus, a litigant cannot invoke 3142(f) to reopen and offer statements about his character from relatives and friends; he is charged with constructively knowing of those statements." *United States v. Chappell*, 2017 WL 11517833, at *4 (N.D.T.X. Oct. 10, 2017) (citing *United States v. Spring*, 2014 WL 6609156, at *2 (D. Mass. Nov. 20, 2014)). "Section 3142(f)'s mechanism for reopening detention hearing is not properly employed as a vehicle for granting a do-over to present evidence that a defendant knew he could have investigated—and now wishes he had run down—before the detention hearing." *Id*. In *Chappell*, the defendant's employer was not at the initial hearing, but the defendant never asked for more time to locate witnesses. *Id*. Here, the

defendant has already submitted statements from over two dozen witnesses and additional YouTube clips.  Yet, his second motion for reconsideration relies almost entirely on material *from his own computer* that has been in his continuous possession.  This is quintessentially evidence that he had actual knowledge of and should have presented in the first place.  *See, e.g.*, *id.*; *United States v. Munguia*, 2020 WL 1471741, at * 1 (N.D.T.X. Mar. 26, 2020) (citing *United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("It cannot therefore be said that [the witness'] testimony was newly discovered or previously unavailable.")).  If he needed more time to consult with counsel and locate it, he could have moved to continue the hearing and received five days to conduct a thorough investigation.  18 U.S.C. § 3142(f)(2).  He chose not to and his motion "is basically just a request for a second bite at the apple." *Chappell*, 2017 WL 11517833 at *4 (quoting *United States v. Gagnon*, 2010 WL 1710066, at *1 (D. Me. Apr. 23, 2010)).  The information he presents is not new within the meaning of Section 3142(f) and he is not entitled to relief.

Regardless, none of the evidence he presents is material.  In essence, Grider argues that even more scattered video clips from various snippets of the day outweigh the clear evidence that has been cited twice by this Court that he played a significant, proactive role in a violent attempt to breach the doors of the Speaker's Lobby in the Capitol.  As this Court wrote in its order denying the first motion to reopen:

> Mr. Grider does not contend that this information has any bearing on whether he forcefully entered the United States Capitol Building on January 6, 2021, as Congress convened in Joint Session to affirm the Electoral College vote in the 2020 Presidential Election; progressed inside the Capitol Building to the doors of the Speaker's Lobby; supplied the helmet used to break glass in the doors leading to the Speaker's Lobby; or pushed on those doors.  (Dkt. No. 18 at 2.)

Indeed, the evidence produced by Grider himself was "strong evidence of his attempt to breach the House Chamber, although he disputes the Government's characterization of how forcefully he did so." *Id*. at 3.  The same analysis of materiality applies here.  Grider has offered no evidence or argument that materially changes this Court's evaluation of his conduct within the Capitol on January 6, 2021 and attendant risk of danger he poses to the community.  At best, the

defendant can argue that he walked through the open doors of a Capitol under assault and then proceeded to participate in more mayhem inside.  His scattered video clips do not call into question the actions of his on which this Court focused and relied, nor this Court's conclusion that the defendant poses a danger to the community and should be detained pending trial.  The Court accurately summarized the allegations and evidence against Grider in its prior orders, and to the extent Grider's argument is that his overriding intent on January 6, 2021 was merely for "his voice to be heard and nothing more" (Mot. at 5.), those arguments do not speak to the strength of the government's case as to the indicted offenses or the propriety of detention pending trial.  Such arguments do not remotely undermine this Court's initial—and reaffirmed—detention rulings.

## IV. Conclusion

For these reasons, the Court should deny the defendant's motion and order him to seek relief, as appropriate, in the United States District Court for the District of Columbia.

Respectfully submitted,

Gregg N. Sofer
United States Attorney

By: */s/ G. Karthik Srinivasan*
G. Karthik Srinivasan
Assistant United States Attorney
903 San Jacinto, Suite 334
Austin, Texas 78701
Karthik.Srinivasan@usdoj.gov

## Certificate of Service

    I certify that on February 5, 2021, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☐  The CM/ECF system will send notification to the following CM/ECF participant(s):

    T. Brent Mayr, Esq., counsel for defendant

                                              */s/ G. Karthik Srinivasan*
                                              G. Karthik Srinivasan
                                              Assistant United States Attorney