IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | Case No. 21-mj-00033-SH |
| CHRISTOPHER RAY GRIDER, | § § § | |
| Defendant | § | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE
TO DEFENDANT'S SECOND MOTION TO
REOPEN THE DETENTION HEARING**

TO THE HONORABLE SUSAN HIGHTOWER, UNITED STATES MAGISTRATE JUDGE:

Defendant's Second Motion to Reopen the Detention Hearing is about more than just asking this Court to consider new evidence not known to the Defendant at the time of the detention hearing that has a material bearing on the issue whether there are conditions of release that will reasonably assure the safety of any other person and the community.

Prior to commencing the detention hearing, this Court reminded counsel, as required by Rule 5(f) of the Federal Rules of Criminal Procedure, of the Government's obligation to produce all exculpatory evidence to the Defendant pursuant to *Brady v. Maryland* and its progeny. The Defendant has no doubt that this Court intended for that instruction to be taken seriously and expected the Government to comply with that obligation.

The concerns raised by the Defendant in both his motions to reopen is that this

1

Court needs to reopen detention, not so much to consider new evidence, but to present *exculpatory* evidence that corrects the false narrative presented by the Government, evidence that presumably has been in the Government's possession since the charges were brought against the Defendant.

The Government presented this Court with the bits and pieces of evidence it needed to paint him as a violent and dangerous person who forcefully entered the Capitol Building and attempted to breach the House Chamber. Evidence presumably in their possession — the evidence referenced in both of Defendant's motions to reopen — however, shows the opposite. The Defendant maintains that Section 3142(f) permits this Court to reopen the detention hearing to consider that exculpatory evidence. This Court surely would not want to base its decision on something that is less than the truth.

**This Court's Jurisdiction to Reopen**

While the Government notes it has been "unable to find a single case in which the removing district retained jurisdiction to hear claims after the entry of a detention order at the removal hearing" and the transfer of the case to the prosecuting district, it fails to consider the plain language of the statute. Section 3142(f)(2)(B) provides:

> The hearing may be reopened, before or after a determination by ***the judicial officer***, at any time before trial if ***the judicial officer*** finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B) (West 2020) (emphasis added). By using the term "the judicial officer," (as opposed to "the district court"), the statute clearly contemplates the same judicial officer who conducted the hearing having the jurisdiction to decide whether to reopen the hearing it previously conducted. This is consistent with the Defendant's argument: the law was designed to permit the judicial officer to reopen and consider additional evidence when its original decision was based on something that is less than the truth.[1]

**Why Take It Up to the District Court and Not Give this Court the Opportunity to Reconsider its Decision Based on Less than the Truth?**

The Government correctly notes that the Defendant can file a motion to revoke this Court's detention order under Section 3145 before the district court in the District of Columbia. *See* Gov't's Response at 2–3; 18 U.S.C. § 3145 (b). Rather than complain to the district court in the District of Columbia, however, that this Court's decision was erroneous, the Defendant maintains that this Court should be first given the opportunity to reopen the detention hearing and consider additional evidence, especially when, what the Government presented to this Court originally was less than the truth.

The Defendant is not presently seeking to overturn his detention order (although that is what he would ultimately like to accomplish). Before he gets to that, he maintains that fairness, equity, and the law requires that he first give this Court

---

[1] The case cited to by the Government in their response — *United States v. Vega*, 438 F.3d 801 (7th Cir. 2006) — does not "support a contrary reading." *See* Gov't's Response at 2. At issue in *Vega* was which court had jurisdiction over amending a defendant's conditions of release and nothing to do with a court's ability to reopen the detention hearing to consider new evidence. *Vega*, 438 F.3d at 802–04.

the opportunity to consider evidence it should have been presented with in the first place, evidence that should have been disclosed by the Government consistent with their obligations under *Brady v. Maryland*.

**The Defendant's Inability to Present this New Information**

The Government's argument that the Defendant's information is not "new" within the meaning of the statute is disingenuous and fails to consider the unique nature of the investigation and the charging of the Defendant.

This case is a far cry from the situation the court addressed in *Chappell*, cited to by the Government in its response. *See* Gov't's Response at 4–5; *United States v. Chappell*, 2017 WL 11517833, at *4 (N.D.T.X. Oct. 10, 2017)(mem. op.). *Chappell* involved a situation where a defendant failed to call a witness, an employer, who would have testified to his willingness to serve as a third party custodian, as well as other character witnesses. *Id.* The Defendant is not seeking to offer testimony from witnesses that were available to him. He is demanding that this Court consider exculpatory evidence that the Government failed to produce as it was obligated to under *Brady v. Maryland*, including evidence that it had seized from the Defendant and still has under its control. The Government presumably had (or had access to) the YouTube video referenced in the Defendant's first motion to reopen as it apparently took the screen shots from that video, presented them to this Court, and spun its false narrative based on just those screen shots. Because the shooting of Ashli Babbitt is obviously one of the most concerning incidents to occur on January 6, presumably the Government also had (or had access to) the several other YouTube videos including

4

those showing the Defendant trying to follow Capitol police officers as they moved away from the door to the Speaker's Lobby doors while others (not the Defendant) including Ashli Babbitt were trying to force their way in.[2] Finally, the Government seized the Defendant's cell phone when he voluntarily surrendered himself to them on January 21. While the Defendant knew the cell phone contained the videos and photographs, he could have never expected the Government to present a false narrative inconsistent with what was shown on those videos and photographs and certainly never expected this Court to rely on that false narrative.

**Conclusion**

At this present moment, the Defendant is simply asking this Court to reopen the detention hearing so it can consider the truth, the whole truth, and nothing but the truth. Should this Court deny him that opportunity and his detention order is allowed to stand, he is fully aware that he can seek relief in the district court under Section 3145. But, as stated *supra*, he believes that fairness, equity, and the law requires that he first give this Court the opportunity to consider evidence it should have been presented with in the first place, evidence that should have been disclosed by the Government consistent with their obligations under *Brady v. Maryland*.

---

[2] There are hundreds, if not thousands of videos posted on YouTube related to the events at the United States Capitol Building on January 6 with thousands of people involved. It is going to take both the Government and the Defendant months to forensically analyze every video to determine if there is any inculpatory or exculpatory evidence related to the Defendant's alleged crimes. It is literally trying to find needles in a haystack. This Court should allow for flexibility in considering evidence of these "needles" and certainly should not permit the Government to present only those "needles" that fit its narrative when it has in its possession the other "needles" to prove otherwise.

Respectfully Submitted,

MAYR LAW, P.C.

by: /s/ T. Brent Mayr
T. BRENT MAYR
Texas State Bar Number 24037052
bmayr@mayr-law.com

5300 Memorial Dr., Suite 750
Houston, TX 77007
Telephone: 713-808-9613
Fax: 713-808-9613

COUNSEL FOR DEFENDANT,
CHRISTOPHER RAY GRIDER

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion was sent to Counsel for the Government on February 5, 2021, via CM/ECF.

/s/T. Brent Mayr
T. BRENT MAYR