# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **United States of America** | § | |
| | § | |
| vs. | § | 1:21-mj-33-SH |
| | § | |
| **Christopher Ray Grider** | § | |

## O R D E R

Before the Court are Defendant's Second Motion to Reopen the Detention Hearing, filed February 1, 2021 (Dkt. 22); the Government's Opposition to Defendant's Second Motion to Reopen the Detention Hearing, filed February 5, 2021 (Dkt. 23); and Defendant's Reply, also filed February 5, 2021 (Dkt. 24).

### I.  Background

Defendant Christopher Ray Grider was arrested in the Western District of Texas on January 21, 2021, pursuant to a Criminal Complaint from the United States District Court for the District of Columbia. Dkt. 1. The Government moved to detain Mr. Grider without bond pending trial. Dkt. 2. On January 26, 2021, Mr. Grider was indicted by a grand jury in the District of Columbia and charged with the following offenses:

1. 18 U.S.C. §§ 1361 and 2, Destruction of Government Property and Aiding and Abetting
2. 18 U.S.C. § 1752(a)(1), Entering and Remaining in a Restricted Building
3. 18 U.S.C. § 1752(a)(2), Disorderly and Disruptive Conduct in a Restricted Building or Grounds
4. 18 U.S.C. § 1512(c)(2) and 2, Obstruction of an Official Proceeding and Aiding and Abetting
5. 40 U.S.C. § 5104(e)(2)(D), Disorderly Conduct in a Capitol Building
6. 40 U.S.C. § 5104(e)(2)(E), Impeding Passage Through the Capitol Grounds or Buildings
7. 40 U.S.C. § 5104(e)(2)(F), Act of Physical Violence in the Capitol Grounds or Buildings.

*United States of America v. Grider*, 1:21-cr-00022-KBJ (D.D.C.), Dkt. 6. All of the offenses allegedly occurred at the United States Capitol Building on or about January 6, 2021.

This Court held a detention hearing on January 27, 2021 and found, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably assure the safety of the community. Dkt. 14. Defendant therefore was ordered detained. *Id.* The same day, the Court entered an order that Mr. Grider be removed and transported to the District of Columbia for all further proceedings, and Mr. Grider filed his first Motion to Reopen the Detention Hearing. Dkt. 16; Dkt. 17. The Court denied Mr. Grider's Motion on January 28, 2021. Dkt. 18. The Notice to the District of Columbia of a Rule 5 Appearance was entered on February 1, 2021. Dkt. 20.

## II.   Analysis

In his second Motion, Mr. Grider asks this Court to reopen his detention hearing to consider "new, additional evidence that was not known to Defendant at the time of the hearing or prior to his previous motion to reopen." Dkt. 22 at 1. Mr. Grider describes the evidence as one YouTube video and photographs and two videos that he took pertaining to his alleged offenses, which he characterizes as exculpatory. *See id.* at 2-4; Dkt. 24 at 2.

The Government makes three arguments in response: Mr. Grider has not established this Court's subject matter jurisdiction to hear his motion; the proper vehicle for his request is review in the District of Columbia under 18 U.S.C. § 3145; and Mr. Grider has not met his burden to reopen his detention hearing under 18 U.S.C. § 3142(f). Dkt. 23 at 1. The Court agrees with the Government's first two arguments and therefore does not reach the third.

### A.   Defendant Has Not Established This Court's Jurisdiction

The Government correctly argues that it is the burden of the party seeking relief from the Court to establish its jurisdiction. *See Ramming v. United States*, 281 F. 3d 158, 161 (5th Cir. 2001); *Town of Lantana, Fla. v. Hopper*, 102 F.2d 118, 119 (5th Cir. 1939) (stating that "the burden of proving jurisdiction rests upon him who invokes it"). Rather than meeting his burden, Mr. Grider relies on the language of 18 U.S.C. § 3142(f)(2)(B), which provides the conditions under which a

2

detention hearing may be reopened.[1] Dkt. 24 at 2. That provision, however, does not fully address the circumstances before the Court.

Mr. Grider's detention hearing was held in the Western District of Texas, where he was arrested, not in the court with original jurisdiction over the offenses charged. The parties have not cited, and the Court has not identified, a rule, statute, or published decision directly addressing whether a court in the district of arrest retains jurisdiction to reopen a detention hearing after a case has been transferred to the charging district. This Court concludes, however, that jurisdiction to reopen Mr. Grider's detention hearing clearly is lacking at this stage of his case.

Several considerations support this determination. First, the structure of the Bail Reform Act provides two mechanisms to review an initial decision to detain or release a defendant pending trial: The defendant can either (1) move to reopen the hearing, as Mr. Grider requests here, or (2) seek revocation or amendment of the release or detention order by the court with original jurisdiction over the offenses. As discussed further below, after a full detention hearing in the Western District of Texas, Mr. Grider retains the option of a second "bite at the apple" through *de novo* review of his detention in the District of Columbia. *U.S. v. Cannon*, 711 F. Supp. 2d 602, 607-08 (E.D. Va. 2010).

In addition, "the organization of the federal court system contemplates a hierarchical structure in which district judges supervise magistrate judges." *Id.* at 608. While the District Court for the District of Columbia has the power to review the decision of a magistrate judge, the converse is not true. *See, e.g.*, *United States v. Godines-Lupian*, 816 F. Supp. 2d 126, 127-28 (D.P.R. 2011)

---

[1] 18 U.S.C. § 3142(f)(2)(B) states, in relevant part: "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community."

(staying release order issued by magistrate judge in district of arrest). Mr. Grider offers no support for his position that this Magistrate Court has the authority to continue issuing orders concerning his detention after transfer of his case to the District Court for the District of Columbia.

Finally, as the Government contends, prudential considerations weigh strongly against continued jurisdiction in the removing district.

> A holding to the contrary would lead to conflicting litigation and forum shopping as pieces of criminal prosecutions could be heard in two jurisdictions. Put another way, Grider should establish why detention is the sole issue that remains viable in this Court when jurisdiction over all other issues related to this prosecution is vested elsewhere.

Dkt. 23 at 2.

One of the factors on which the Detention Order was based is the nature and seriousness of the danger to the community that would be posed by Mr. Grider's release. Dkt. 14 at 2. Certain other factors affecting the detention decision under 18 U.S.C. § 3142(f) "are more easily weighed in the charging district," including the nature and circumstances of the offenses charged and the weight of the evidence against the defendant. *United States v. Vega*, 438 F.3d 801, 804 (7th Cir. 2006); *see also United States v. Jones*, 804 F. Supp. 1081, 1090 (S.D. Ind. 1992) ("Without question, the [Bail Reform] Act recognizes a 'local' interest in the originating jurisdiction which may be different than the interests of the jurisdiction in which the arrest occurs."). This interest may be due particular consideration in Mr. Grider's case, as he is one of many defendants facing charges in the District of Columbia arising from the events at the Capitol Building on January 6, 2021.

This Court has committed Mr. Grider and transferred his case to the District of Columbia, the court of competent jurisdiction. "Therefore, all future proceedings should take place in the United States District Court for the District of Columbia." Dkt. 23 at 2. This Court thus lacks jurisdiction to hear Mr. Grider's Motion.

### B.     Defendant Can Seek Review of the Detention Order in the District of Columbia

The Bail Reform Act explicitly provides for review of a detention order by the court where prosecution is pending:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

18 U.S.C. § 3145(b). Although not mentioned in his Motion, Mr. Grider states in his Reply that "he is fully aware that he can seek relief in the district court under Section 3145." Dkt. 24 at 5. This is the avenue available to Mr. Grider to present evidence at this stage of his proceedings. *Cf. Vega*, 438 F.3d at 804 (affirming that district where arrest occurred but not where prosecution is pending lacks jurisdiction to review release or detention order); *United States v. Torres*, 86 F.3d 1029, 1031 (11th Cir. 1996) (affirming that prosecuting court "is the only proper one to review" release order).

### III.  Conclusion

For these reasons, it is **HEREBY ORDERED** that Defendant's Second Motion to Reopen the Detention Hearing (Dkt. 22) is **DENIED**.

**SIGNED** on February 8, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE